| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Law Offices of Andy Winchell, P.C.<br>100 Connell Drive, Suite 2300<br>Berkeley Heights, New Jersey 07922<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Debtor | |
| In Re:<br><br>Peter Bellini, Jr.<br>Patricia Mary Cashin<br>aka Patricia Mary Bellini<br><br>                              Debtor | Case No.: 13-18248 (MBK)<br><br>Chapter: 13<br>Judge: Hon. Michael B. Kaplan<br><br>Date:  August 14, 2019<br>Time:  9:00 a.m. |

**REPLY BRIEF IN SUPPORT OF MOTION TO ENTER DISCHARGE**

Peter Bellini, Jr. and Patricia Mary Cashin aka Patricia Mary Bellini (collectively the "Debtors") hereby submit this reply brief in support of their motion seeking an immediate order of discharge (the "Motion") in light of the objection (the "Objection") submitted by the standing chapter 13 trustee(the "Trustee"). The Debtors write to remind the Court of the relevant legal decision rule and three facts from the Motion, all of which remain uncontroverted by the Objection.

Legally the Court is required to grant the Debtors their discharge "as soon as practicable after completion by the debtor of all payments under the plan." 11 U.S.C. 1328(a). The Objection does not provide any explanation why the Debtor's discharge cannot be entered immediately.

Factually, the following three facts remain uncontroverted: First, the Motion came at the suggestion of the Trustee's office. It is ironic that the Trustee is now

opposing a Motion that his office suggested the Debtors file. Second, the Debtors completed their payments in April of 2018, roughly sixteen months ago. Sixteen months seems like more than enough time to complete whatever tasks were required of the Trustee's office. Third, the Debtors have a pending refinance of their home that <u>depends on their receiving a discharge order</u>, not an order of the Court blessing the refinance. An order approving the refinance would not satisfy the only remaining condition imposed by the lender.

Ultimately, the Debtors do not have strong feelings about what mechanism will lead to their receiving their discharge. Whether the Court enters an order discharging the Debtors or ordering the Trustee to complete his work immediately should produce the same result. But the Trustee has not enunciated a reason for any further delay.

WHEREFORE, the Debtors requests that the Court enter their discharge immediately and that the Court award such other and further relief as is just and proper.

Dated this the 9th day of August, 2019.

/s/ Andy Winchell
Law Offices of Andy Winchell, PC
100 Connell Drive, Suite 2300
Berkeley Heights, New Jersey 07922
973-457-4710
andy@winchlaw.com
Attorney for the Debtors